UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIMENTEL and ALDO PIMENTEL,<br><br>    Plaintiffs,<br>v.<br>DEUTSCHE BANK NATIONAL TRUST COMPANY; *et al.*,<br><br>    Defendants. | Civil No. 09cv2659 JAH(CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. # 3]** |

## INTRODUCTION

Pending before the Court is the motion to dismiss the instant complaint filed by defendants Deutsche Bank National Trust Company as Trustee for the Registered Holders of ResMAE Asset-Backed Certificates, Series 2006-1 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "defendants"). The motion has been fully briefed by the parties. After a thorough review of the parties' submissions, and for the reasons set forth below, this Court grants in part and denies in part defendants' motion to dismiss.

## BACKGROUND

Plaintiffs David Pimentel and Aldo Pimental (collectively "plaintiffs") obtained a loan through defendant ResMAE Mortgage Company ("ResMAE") on their home on September 1, 2005, in the amount of $409,500.00, secured by a deed of trust to the property located at 9089 Avocado Street, Spring Valley, California ("the property"). Compl. ¶ 4. The beneficial interest in the deed of trust was assigned to Deutsche Bank on

November 7, 2008. Doc. # 3-2, Exh. 2.[1] A substitution of trustee, substituting New Century Title Company with defendant Cal-Western Reconveyance Corporation, was executed on November 6, 2008 and recorded in the San Diego County Recorder's Office on February 13, 2009. Id., Exh. 4. Plaintiffs subsequently defaulted on the loan and a notice of default was recorded on January 7, 2009. Id., Exh. 3. A notice of trustee's sale was recorded on April 10, 2009, setting a sale date for April 29, 2009. Id., Exh. 5.

Plaintiff David Pimentel filed for bankruptcy protection on April 27, 2009, thus halting the sale set for April 29, 2009. *See* id., Exh. 6. Deutsche Bank subsequently moved for relief from the bankruptcy automatic stay, which was granted on June 24, 2009. Id., Exh. 7. The foreclosure sale was completed on July 6, 2009 and the Trustee's Deed Upon Sale was recorded on July 22, 2009. Id., Exh. 8.

Deutsche Bank filed an unlawful detainer action against plaintiffs on August 18, 2009 in the San Diego County Superior Court.[2] Id., Exh. 9. On October 13, 2009, plaintiffs filed a complaint in this Court alleging claims concerning the same issues and defendants involved in the present case. *See* Case No. 09cv2264 JLS(NLS). After defendants filed a motion to dismiss, plaintiffs filed a new complaint in the state court on November 10, 2009 and voluntarily dismissed the federal complaint on November 17, 2009. Defendants removed the new action to this Court on November 24, 2009.

Defendants filed the instant motion to dismiss on December 3, 2009. Plaintiffs' opposition to the motion was filed on February 1, 2010. Defendants reply brief was filed on February 9, 2010. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

//

---

[1] Defendants' request for judicial notice, Doc. # 3-2, contains documents that are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned and, thus, are proper for judicial notice. *See* Fed.R.Evid. 201(b). Therefore, this Court GRANTS defendants' request for judicial notice of the referenced documents.

[2] Defendants claim that they prevailed at trial but the document submitted in support of this claim indicates only that the trial was scheduled and does not indicate the outcome. *See* Doc. # 3-2, Exh. 9. Therefore, this Court takes judicial notice only of the fact that the unlawful detainer action was filed.

# DISCUSSION

## I.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).   Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western

1 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**2.     Analysis**

Plaintiffs' complaint contains nine causes of action: (1) quiet title; (2) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667(f) and Regulation Z, 12 C.F.R. § 225.32(e)(1); (4) violation of the Real Estate Settlement Procedure Act ("RESPA"); (5) unfair trade practice; (6) breach of contract; (7) rescission; (8) conversion; and (9) declaratory relief. Defendants move to dismiss plaintiffs' complaint in its entirety on the grounds that each cause of action fails to state a claim upon which relief may be granted. In addition, defendants contend plaintiffs' prayer for injunctive relief should be stricken.

**a.     Quiet Title and Breach of Contract Claims**
**[First and Sixth Causes of Action]**

Quiet title claims may establish title against adverse claims to real property or any interest therein. Cal.Civ.Proc..Code § 760.020. A complaint alleging such a claim must be verified and include (1) a description of the property; (2) the basis for plaintiff's title; (3) the adverse claim or claims to title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. Cal.Civ.Proc.Code § 761.020.

Defendants move to dismiss plaintiffs' quiet title claim on the grounds that there is no adverse interests clouding title since the property has already been sold at foreclosure

and an unlawful detainer action has been completed in favor of defendants.[3] Doc. # 3 at 3. Defendants further contend that plaintiffs' breach of contract claim, which alleges defendants breached a written loan modification agreement "by returning [plaintiffs'] check and foreclosing upon [p]laintiffs' property," Compl. ¶ 53, fails because "[t]he express terms of the loan modification agreement do not preclude foreclosure." Doc. # 3 at 8. In opposition, plaintiffs contend that defendants' foreclosure on the property constitutes a breach of the loan modification agreement, rendering the foreclosure sale improper thus causing an adverse claim on the property. Doc. # 5 at 5-6. In addition, plaintiffs newly contend that oral communications between defendant Ocwen and plaintiffs created an oral agreement regarding modification that was subsequently breached by defendants through the foreclosure proceedings thereby providing a basis for their quiet title claim as well as further support for their breach of contract claim. *See* id. at 11-12.

Defendants, in reply, point out that plaintiffs do not adequately "explain why a loan modification by itself precludes foreclosure'" and maintain that plaintiffs fail to adequately allege a breach of an oral or written contract. Doc. # 8 at 3. According to defendants, the written agreement contains express terms that provide defendants with the right to foreclose, *see* id.; Doc. # 9 at 94, and to the extent the loan modification agreement was oral, it is not enforceable because such an agreement violates the statute of frauds. Doc. # 8 at 4 (citing Cal.Civ.Code §§ 1623(a)(3), 1624, 1698(a), 2922). Defendants also point out that "[p]laintiffs fail to allege how they were damaged by reliance on an oral contract when they were already obligated to make loan payments pursuant to the Note and Deed of Trust." Id. Therefore, defendants contend plaintiffs' quiet title and breach of contract claims fail. Id.

Defendants' argument in reply has merit but for the fact that defendants modified plaintiffs' original loan. The written modification amends the original loan terms.

---

[3] Although there is no evidentiary support confirming that defendants, in fact, prevailed in the lawful detainer action, plaintiffs do not dispute this fact in their opposition. Therefore, this Court assumes the fact is true.

Defendants' right to foreclose must be based on the terms of the modification agreement. The reasonable inference drawn from the complaint is that plaintiffs were in compliance with the modification agreement even if plaintiffs were in arrears on the original loan. As such, plaintiffs' complaint states a plausible claim for relief on the breach of contract claim. Accordingly, defendants' motion to dismiss plaintiffs' quiet title claim, which relies upon their breach of contract claim to satisfy the adverse interest requirement, along with plaintiffs' breach of contract claim contained in the first and sixth causes of action is DENIED.

    **b. HOEPA, TILA, RESPA, and Unfair Trade Practice Claims [Second, Third, Fourth and Fifth Causes of Action]**

Defendants move to dismiss plaintiffs second, third, fourth and fifth causes of action on various grounds. *See* Doc. # 3 at 4-8. Plaintiffs, in opposition, concede that defendants Deutsche Bank and Ocwen are not liable for violation of HOEPA, RESPA or TILA damages because they are not holders, owners or assignees of the subject loan. *See* Doc. # 5 at 7-8, 9, 10. In regards to plaintiffs' fifth cause of action for unfair business practices, plaintiffs do not mention defendants Deutsche Bank or Ocwen as liable parties, apparently conceding that these defendants cannot be held liable for the unlawful actions alleged. *See* id. at 10-11. Thus, this Court agrees that, at this juncture, defendants cannot be held liable for any of these claims. Therefore, this Court GRANTS defendants' motion to dismiss plaintiffs' second, third, fourth, and fifth causes of action. However, plaintiffs claim that there is a possibility discovery might unearth evidence that defendants are, in fact, holders, owners or assignees of the subject loan which could render defendants liable for the alleged violations of HOEPA, RESPA and TILA. *See* id. at 7-8, 9, 10. Therefore, this Court dismisses plaintiffs' second, third, fourth and fifth causes of action without prejudice.

//
//
//

### c. TILA Rescission Claim
### [Seventh Cause of Action]

Defendants move to dismiss plaintiffs' seventh cause of action which seeks rescission of the loan based on defendants' alleged failure to provide certain disclosures required by TILA because the claim is time-barred. *See* Doc. # 3 at 9.[4] Defendants explain that the right of rescission under both HOEPA and TILA expires three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first. Id. at 5, 9 (citing Hallas v. Ameriquest Mortgage Co., 406 F.Supp.3d 1176, 1183 (D.Or. 2005); 15 U.S.C. § 1635(f)). Thus, according to defendants, based on the loan origination date of August 2005, plaintiffs must have sought rescission by September 2008, rendering the instant claim untimely. Id. at 9. In opposition, plaintiffs do not dispute the untimeliness of their rescission claim but assert that equitable tolling should be applied because they were unaware of the TILA violations until after their loan audit occurred in October 2009. Doc. # 5 at 12-13. However, equitable tolling does not apply to an action for rescission under TILA. *See* Kurek v. Countrywide Home Loans, Inc., 2010 WL 2925161 *3 (N.D.Cal. July 26, 2010) (citing Mays v. U.S. Bank Nat'l Ass'n, 2010 WL 318537 *4 (E.D.Cal. Jan. 20, 2010)). Therefore, because there is no dispute plaintiffs failed to seek rescission within the three year period provided by 15 U.S.C. § 1635(f), plaintiffs cannot resurrect their claim now. *See* Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 419 (1998)(the right of rescission is completely extinguished after three years from the date of the loan's consummation). Accordingly, defendants' motion to dismiss plaintiffs' seventh cause of action for rescission under TILA is GRANTED. Since this claim cannot be cured by amendment, this Court dismisses plaintiffs' TILA rescission claim with prejudice.

//

---

[4] Defendants also contend the claim fails because plaintiffs have failed to allege their ability or willingness to tender the full amount owed on the loan as is required. *See* Doc. # 3 at 9 (citing Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003). Neither party further addresses this contention in opposition or reply. Because this Court finds the claim untimely, this Court sees no need to address this contention either.

### d. Conversion Claim
### [Eighth Cause of Action]

Defendants seek dismissal of plaintiffs' conversion claim on the grounds that plaintiffs cannot establish ownership rights or rights to possession of the property, an essential element of a conversion claim. Doc. # 3 at 10 (citing Shopoff & Cavallo LLP v. Hyon, 167 Cal.App.4th 1489, 1507 (2008)(elements of a conversion action "are the plaintiff's ownership or right to possession of the property at the time of conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages.")). This Court need not reach the issue of whether plaintiffs did or did not have ownership rights or rights to possess the property because the tort of conversion applies to personal property, not real property. Salma v. Capon, 161 Cal.App.4th 1275, 1295 (2008)(citing 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 699, p. 1023)). Therefore, plaintiffs' conversion claim, based solely on conversion of real property, fails. Accordingly, this Court GRANTS defendants' motion to dismiss on this claim and dismisses plaintiffs' eighth cause of action for conversion with prejudice.

### e. Declaratory Relief
### [Ninth Cause of Action]

Plaintiffs' ninth cause of action seeks declaratory relief. Defendants contend that plaintiffs are not entitled such a remedy. *See* Doc. # 3 at 10. The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201; *see* Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement is the same as the "case or controversy" requirement of Article III of the United States Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993). Here, although most of plaintiffs' claims for relief have been dismissed, plaintiffs' quiet title and breach of contract claims survive. Therefore, there is a live case or controversy existing at this time. Accordingly, this Court DENIES defendants' motion to dismiss plaintiffs' ninth cause of action for declaratory relief.

**f.     Injunctive Relief**

Defendants move to strike plaintiffs' prayer for injunctive relief. *See* Doc. # 3 at 10-11. Plaintiffs concede that this remedy is moot. Accordingly, this Court GRANTS defendants' motion to strike plaintiffs' injunctive relief request.

**g.     Leave to Amend**

Plaintiffs seek leave to file an amended complaint that cures any deficiencies outlined by the Court. *See* Doc. # 5 at 14-15. Defendants contend that leave should be denied because the deficiencies in pleading cannot be cured by amendment. Doc. # 8 at 6-7. Because leave to amend is "freely given," this Court deems it appropriate to provide plaintiffs with the opportunity to cure any deficiencies of pleading, if at all possible. Therefore, this Court GRANTS plaintiffs' request for leave to amend.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' complaint [doc. # 3] is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendants' motion to dismiss plaintiffs' first and sixth causes of action is **DENIED;**

2. Defendants' motion to dismiss plaintiffs' second, third, fourth, and fifth causes of action is **GRANTED** and plaintiffs' second, third, fourth and fifth causes of action are **DISMISSED without prejudice;**

3. Defendants' motion to dismiss plaintiffs' seventh cause of action for rescission under TILA is **GRANTED** and plaintiffs' seventh cause of action is **DISMISSED with prejudice**;

4. Defendants' motion to dismiss plaintiffs' conversion claim contained in the eighth cause of action is **GRANTED** and plaintiffs' eighth cause of action is **DISMISSED with prejudice**;

5. Defendants' motion to dismiss plaintiffs' ninth cause of action for declaratory relief is **DENIED;**

6. Defendants' motion to strike plaintiffs' injunctive relief request is **GRANTED**; and

7. Plaintiffs' request for leave to amend is **GRANTED.** Plaintiffs shall file and serve an amended complaint that cures any deficiencies outlined herein **no later than October 8, 2010.**

DATED: September 20, 2010

JOHN A. HOUSTON
United States District Judge