UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIMENTEL and ALDO PIMENTEL,<br><br>       Plaintiffs,<br>v.<br>DEUTSCHE BANK NATIONAL TRUST COMPANY; *et al.*,<br>       Defendants. | Civil No. 09cv2659 JAH(CAB)<br><br>**ORDER *SUA SPONTE* REMANDING COMPLAINT TO STATE COURT PURSUANT TO FED.R.CIV.P. 12(h)** |

On November 10, 2009, plaintiffs David and Aldo Pimentel ("plaintiffs"), through counsel, filed a complaint before the California Superior Court, County of San Diego, alleging nine causes of action: (1) quiet title; (2) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667(f) and Regulation Z, 12 C.F.R. § 225.32(e)(1); (4) violation of the Real Estate Settlement Procedure Act ("RESPA"); (5) unfair trade practice; (6) breach of contract; (7) rescission; (8) conversion; and (9) declaratory relief. Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company (collectively "defendants") removed the complaint to this Court on November 24, 2009. Defendants subsequently filed a motion to dismiss the complaint on December 3, 2009, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. # 3. After the motion had been fully briefed by the parties, this Court, on September 20, 2010, issued an order granting in part and denying in part defendants' motion to dismiss, providing plaintiffs

1 with the opportunity to file an amended complaint by October 8, 2010.  *See* Doc. # 11.
2 In that order, this Court dismissed all of plaintiff's federal claims, leaving only plaintiffs'
3 first and sixth causes of action for quiet title and breach of contract along with plaintiffs'
4 request for declaratory relief.  *See* id.  Plaintiffs did not file an amended complaint by
5 October 8, 2010 nor have they sought an extension of time to do so.

6 This Court notes that the instant complaint was removed to this Court on the sole
7 basis of federal question jurisdiction.  *See* Doc. # 1 at 3.  However, at this time, no federal
8 question jurisdiction exists.  Pursuant to Federal Rule of Civil Procedure 12(h),
9 "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court
10 shall dismiss the action." Fed.R.Civ.P. 12(h)(3).  The Ninth Circuit has interpreted this
11 rule to permit district courts to raise the issue of subject matter jurisdiction *sua sponte* at
12 any point in the litigation, even on appeal.  *See* Snell v. Cleveland, Inc., 316 F.3d 822, 826
13 (9th Cir. 2002).  Therefore, this Court deems it appropriate to remand this case back to
14 state court based on lack of federal question jurisdiction pursuant to Rule 12(h).

15 Accordingly, IT IS HEREBY ORDERED that the instant complaint is
16 **REMANDED** back to state court for all further proceedings.

18 DATED:   January 18, 2011

JOHN A. HOUSTON
United States District Judge